United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTA REBAGLIATI-RIBBECK,
Plaintiff,

v.

COUNTY OF ALAMEDA, et al.,
Defendants.

Case No. 24-cv-08836-CRB

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff Marta Rebagliati-Ribbeck sues the County of Alameda, the Alameda County Sheriff's Office, and various individual employees of the Sheriff's Office, alleging that they failed to adequately investigate an alleged assault against her by a FedEx driver. Defendants move to dismiss for failure to state a claim upon which relief can be granted, arguing that all of Rebagliati-Ribbeck's theories of liability rest on a fundamentally flawed constitutional claim—failure to investigate. Defendants are correct: Rebagliati-Ribbeck did not have a right to have the police investigate the alleged assault in any particular way, and she did not suffer any liberty or property deprivation as a result of their investigation. Thus, she has not stated a claim, and the Court **GRANTS** Defendants' motion to dismiss.[1]

## I. BACKGROUND

Plaintiff Marta Rebagliati-Ribbeck alleges that she was assaulted by a FedEx driver on December 8, 2022. FAC (dkt. 3) at 10. She then called 9-1-1, and Defendants Jarred Mendoza and Joshua Miles, both sheriff's deputies, soon arrived on the scene. Id. at 11. Rebagliati-Ribbeck allegedly described what happened to the deputies, but they stated that

[1] The Court finds this matter suitable for resolution without oral argument in accordance with Civil Local Rule 7-1(b) and vacates the hearing scheduled for May 2, 2025.

they would not investigate further and requested that Rebagliati-Ribbeck stop sitting on the steps of the FedEx truck, which prevented it from driving away. Id.

After the deputies left, Rebagliati-Ribbeck called 9-1-1 again and spoke to a sergeant who told her that the deputies would return to take her statement. Id. at 12–13. Mendoza eventually took Rebagliati-Ribbeck's statement and wrote it up in an incident report that—according to Rebagliati-Ribbeck—misrepresents what she told him and what was portrayed on video surveillance. Id. at 17, 20–21. In his report, Mendoza indicated that he believed Rebagliati-Ribbeck had made up the assault and in fact trespassed when she sat on the FedEx truck to prevent it from driving away. Id. at 24.

In May 2023 Rebagliati-Ribbeck filed a citizen's complaint with internal affairs in which she expressed her frustration at the way the December 8 incident was handled. See Complaint Letter, FAC Ex. P1. Defendant Daniel McNaughton, a sheriff's captain, issued a report concluding that the investigation was properly handled. FAC at 29. The Sheriff, Defendant Yesenia Sanchez, would have reviewed this report per standard procedure. Id.

Plaintiff asserts various claims against the individual defendants, as well as the County of Alameda and the Alameda County Sheriff's Office:

- A § 1983 claim alleging that all Defendants violated the Fourteenth Amendment by depriving her of equal protection and due process, failing to investigate her complaint, fabricating evidence, failing to intervene in the investigation, and failing to train and supervise officers. Id. at 33–34.
- A § 1983 claim alleging that Miles and Mendoza conspired to deprive her of her constitutional rights by misrepresenting her conduct to their supervisors, refusing to conduct a proper investigation, and coordinating their statements to create a false narrative. Id. at 35–36.
- A § 1983 claim alleging that Sheriff Sanchez failed to adequately supervise, discipline, and train the deputies. Id. at 36–39.
- A claim for municipal liability under Monell v. Department of Social Services, 436 U.S. 658, 690 (1978), on the basis that the Sheriff's Office had a custom,

United States District Court
Northern District of California

policy, or practice of approving incident reports without adequate review, failing to verify deputies' claims, and failing to adequately investigate or pursue evidence. Id. at 39–41.

- A claim under the Bane Act, Cal. Civ. Code § 52.1, on the basis that Captain McNaughton and Sheriff Sanchez denied her equal protection and "rubber stamped" false official reports. Id. at 42–44.
- A claim for intentional infliction of emotional distress against Captain McNaughton and Sheriff Sanchez on the basis that she suffered depression and anxiety as a result of their actions. Id. at 44–46.
- A claim for negligent infliction of emotional distress against unidentified Sheriff's Office employees on the basis that they failed to adequately investigate, failed to preserve evidence, mischaracterized her complaint and other evidence, and mismanaged the citizen's complaint process. Id. at 46–47.

Defendants now move to dismiss Rebagliati-Ribbeck's complaint for failure to state a claim on which relief can be granted. Mot. (dkt. 16); see Fed. R. Civ. P. 12(b)(6).

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court must accept the plaintiff's "allegations as true and construe them in the light most favorable to" the plaintiff, but it need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

## III. DISCUSSION

Defendants move to dismiss Rebagliati-Ribbeck's claims primarily on the grounds that she fails to allege a violation of her constitutional rights. Mot. at 6–12. Defendants are

correct: Rebagliati-Ribbeck's claims all rest on her fundamentally flawed failure-to-investigate theory, and they must all be dismissed.[2]

The crux of all of Rebagliati-Ribbeck's claims is that the Sheriff's Office and the individual Defendants failed to adequately investigate her claim that the FedEx driver assaulted her and, as she pushed the issue, that they proceeded to fabricate and suppress evidence. But police investigatory work is discretionary. See Flowers v. City of Minneapolis, 558 F.3d 794, 799 (8th Cir. 2009) ("A police officer's decisions regarding whom to investigate and how to investigate are matters that necessarily involve discretion.").

That dooms Rebagliati-Ribbeck's § 1983 claims, no matter how they are formulated. There is no class-of-one equal protection claim based on police officers' investigations, for the discretionary decision-making that goes into police investigations is incompatible with the legal framework of class-of-one claims. Quinn v. County of Monterey, No. 15-cv-3383-BLF, 2016 WL 4180565, at *5 (N.D. Cal. Aug. 8, 2016); see also Enquist v. Or. Dep't of Agric., 553 U.S. 591, 603 (2008) (in situations involving discretionary decision-making, "allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that [] state officials are entrusted to exercise"). There is no constitutional right to have police investigations carried out a specific way. See Devereaux v. Abby, 263 F.3d 1070, 1075 (9th Cir. 2001) (en banc). And while the Fourteenth Amendment's Due Process Clause would prohibit state actors

[2] Defendants also argue that Rebagliati-Ribbeck failed to file a timely claim, as required by the Government Claims Act. See Cal. Gov't Code §§ 911.2(a), 945.4. The Court is not so sure. A claim is timely if it is presented to the public entity within six months of the accrual of the cause of action. Cal. Gov't Code § 911.2(a). Rebagliati-Ribbeck alleges that she filed a citizen's complaint regarding the events of December 8, 2022 in May 2023—that is, within six months. See Complaint Letter. And then once she received a response to her complaint on November 27, 2023, she filed a claim with the County on May 9, 2024—again, within six months. See id. Though the citizen's complaint is not styled as a "claim," it appears to satisfy the requirements of Cal. Gov't Code § 910, and thus it gave the Sheriff's Office "sufficient information to enable it to adequately investigate [her] claims and to settle them, if appropriate, without the expense of litigation." Koussaya v. City of Stockton, 54 Cal. App. 5th 909, 928 (2020) (citation omitted). The Court is not inclined to apply the Government Claims Act "to snare the unwary where its purpose has been satisfied." Id. (citation omitted).

from fabricating or suppressing evidence to deprive an individual of liberty or property—namely, by subjecting them to criminal charges—there is no due process violation where, as here, there has been no deprivation. See id. at 1074–75; Flores v. Bakersfield, 834 F. App'x 400, 401 (9th Cir. 2021) (requiring a deprivation of liberty as an element of a claim of deliberate fabrication of evidence). Rebagliati-Ribbeck therefore has not made out a claim that her constitutional rights were violated by Defendants' conduct.

This, in turn, proves fatal to her remaining federal claims. Municipal liability under Monell requires an underlying constitutional violation. See Lockett v. County of Los Angeles, 977 F.3d 737, 741 (9th Cir. 2020). So does a claim of collusion to violate constitutional rights, see Mendocino Env't Ctr. v. Mendocino County, 192 F.3d 1283, 1301 (9th Cir. 1999), and a claim for failure to supervise or train, see Merrick v. Shin, 846 F. App'x 573, 574–75 (9th Cir. 2021). (The latter claim would fail against Sheriff Sanchez anyway, because it requires personal participation by each individual defendant, see Olson v. County of Grant, 127 F.4th 1193, 1197 (9th Cir. 2025), and Rebagliati-Ribbeck does not allege that Sheriff Sanchez personally violated any of her constitutional rights.) Accordingly, Rebagliati-Ribbeck's federal claims must be dismissed.[3]

A similar analysis also resolves Rebagliati-Ribbeck's state claims. "California's Bane Act requires proof of an underlying constitutional violation," Williamson v. City of National City, 23 F.4th 1146, 1155 (9th Cir. 2022), which has not been alleged here. And in any case, California provides statutory immunity to state actors performing discretionary functions. Cal. Gov't Code § 820.2. This includes police investigations. See Pallas v. Accornero, No. 19-cv-1171-LB, 2019 WL 3975137, at *6 (N.D. Cal. Aug. 22, 2019). Rebagliati-Ribbeck's state-law claims thus fail along with her federal ones.

---

[3] The lack of an underlying constitutional violation also means that the individual Defendants are entitled to qualified immunity. See Gordon v. County of Orange, 6 F.4th 961, 967–68 (9th Cir. 2021). And given the lack of case law supporting Rebagliati-Ribbeck's constitutional claims, any hypothetical constitutional right that may have been violated was not clearly established at the time of the events giving rise to this litigation. See Felarca v. Birgenau, 891 F.3d 809, 816 (9th Cir. 2018) ("clearly established right must be defined with specificity").

United States District Court
Northern District of California

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss without prejudice. Rebagliati-Ribbeck may amend her complaint within 28 days of the issuance of this order. The Court emphasizes, though, that failure to investigate is not a viable theory on which to base amended claims, so any claims that Rebagliati-Ribbeck wishes to assert in an amended complaint must rest on different grounds and must be supported with factual allegations.

Rebagliati-Ribbeck may wish to use the resources provided at the Federal Pro Bono Project's Help Desk, a free service for pro se litigants, in amending her complaint. She can make an appointment by calling (415) 782-8982. The Help Desk does not provide legal representation, but it does assist pro se litigants in determining whether there are viable claims and advise on how to properly plead such claims. Rebagliati-Ribbeck is also welcome to consult the court's manual for pro se litigants regarding how to present their cases. The manual and other free information is available at http://cand.uscourts.gov/pro-se-litigants.

**IT IS SO ORDERED.**

Dated: April 15, 2025



CHARLES R. BREYER
United States District Judge