IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTA REBAGLIATI-RIBBECK,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>Defendants. | Case No. 24-cv-08836-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Before the Court is Defendants' motion to dismiss Marta Rebagliati-Ribbeck's second amended complaint. The Court assumes familiarity with the factual recitations and legal analysis in its order granting Defendants' motion to dismiss Rebagliati-Ribbeck's first amended complaint. MTD Order (dkt. 34). For similar reasons as before, the Court **GRANTS** Defendants' motion to dismiss.[1]

Rebagliati-Ribbeck's factual allegations remain essentially the same as in her first amended complaint; the primary change from her first amended complaint to her second is the recharacterization of her legal claims as First Amendment retaliation, rather than a mere failure to investigate. See SAC (dkt. 37) at 2–3. To the extent that she modified her factual allegations, any changes were to the framing rather than the underlying facts. See, e.g., id. at 14 (stating that the result of the Internal Affairs investigation "was itself a violation of [her] First Amendment rights by chilling her attempt to seek redress from the government"). Though Rebagliati-Ribbeck brings mostly the same causes of action as before (individual and municipal § 1983 claims, a Bane Act claim, and an IIED claim, see

---

[1] The Court finds this matter suitable for resolution without oral argument in accordance with Civil Local Rule 7-1(b) and vacates the hearing set for July 11, 2025.

1  SAC at 18–29), the analysis for them all is different due to the underlying constitutional
2  violation that she alleges.
3        Yet her claims remain deficient, even under this analysis.  A First Amendment
4  retaliation claim has three elements: (1) the plaintiff's constitutionally protected activity,
5  (2) the defendant's adverse action, and (3) a causal connection between the two.  Blair v.
6  Bethel Sch. Dist., 608 F.3d 504, 543 (9th Cir. 2010).  An adverse action must be so severe
7  that it would chill a person of ordinary firmness from continuing to engage in the protected
8  activity.  Id. at 543–44.  Rebagliati-Ribbeck asserts that Defendants' failure to investigate
9  constitutes an adverse action sufficient to state a retaliation claim.  But the Court is
10 unaware of any case law to support her position that a governmental entity's refusal to
11 investigate a citizen complaint to that citizen's satisfaction could be an adverse action;
12 indeed, case law is clear that citizens do not enjoy a constitutional right to have police
13 investigations carried out in a specific way.  See Devereaux v. Abby, 263 F.3d 1070, 1075
14 (9th Cir. 2001) (en banc).  Furthermore, Rebagliati-Ribbeck's protected conduct was the
15 complaint she filed, so the alleged lack of investigation cannot itself constitute retaliation.
16 If the law worked as Rebagliati-Ribbeck claims, with the filing of a complaint as the
17 constitutionally protected activity and the failure to investigate as the adverse action, then
18 every person who files a complaint and winds up dissatisfied with the result of the
19 investigation would have a viable claim for First Amendment retaliation.  So would every
20 person who files a permit application or prison grievance that is denied.  That is not the
21 law.  See Rodriguez v. Anderson, No. 20-cv-1914-AR, 2023 WL 8654285, at *4 (D. Or.
22 Nov. 13, 2023) ("Although [the plaintiff] has a right to file grievances, he is not entitled to
23 a particular response or action.").  Courts demand something more to state a claim, such as
24 the "regulatory, proscriptive, or compulsory" exercise of government power that has "the
25 effect of punishing someone for his or her speech."  Blair, 608 F.3d at 544 (quoting Laird
26 v. Tatum, 408 U.S. 1, 11 (1972)).[2]

---

[2] The lack of constitutional grounding for Rebagliati-Ribbeck's claims once again means that the individual Defendants are entitled to qualified immunity.  MTD Order at 5 n.3.

1     Accordingly, the Court dismisses Rebagliati-Ribbeck's causes of action that are
2 premised on alleged First Amendment retaliation. This dismissal is with prejudice, as
3 Rebagliati-Ribbeck's amendments make clear that her federal causes of action are, at
4 bottom, based on a nonviable claim for failure to investigate. See Lopez v. Smith, 203
5 F.3d 1122, 1127 (9th Cir. 2000). But Rebagliati-Ribbeck has also stated a new cause of
6 action under California Government Code § 815.6, which in turn implicates several other
7 California statutes. See SAC at 28–29. With the federal causes of action dismissed, the
8 Court declines to exercise supplemental jurisdiction over this state-law claim and
9 dismisses it without prejudice to any future action that Rebagliati-Ribbeck may wish to
10 bring in state court. See 28 U.S.C. § 1367(c)(3).

**IT IS SO ORDERED.**

Dated: July 7, 2025

CHARLES R. BREYER
United States District Judge